# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Ratech Machine, Inc.,

          Debtor.

Case No. 11-33053 (NCD)
Chapter 11

## NOTICE OF HEARING AND MOTION FOR USE OF CASH COLLATERAL AND FOR EXPEDITED RELIEF

TO:    THE PARTIES LISTED IN LOCAL RULE 9013-3(a)

1.    Ratech Machine, Inc. (the "Debtor") moves this Court for the relief requested below and gives notice of hearing herewith.

2.    The Honorable Nancy C. Dreher, Judge of the U.S. Bankruptcy Court, will hold a preliminary hearing on the following motion on May 12, 2011, at 2:30 p.m. or as soon thereafter as counsel may be heard, in Courtroom 7W, U.S. Courthouse, 300 South Fourth Street Minneapolis, MN 55415 (the "Preliminary Hearing"). **THE HEARING MAY BE CONTINUED BY THE COURT AT THE TIME OF THE HEARING WITHOUT ADDITIONAL NOTICE.** Local Rule 9006-1 provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought, movant does not object to written responses being served and filed no less than two hours prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE PRELIMINARY RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING.**

3.    The Honorable Nancy C. Dreher, Judge of the U.S. Bankruptcy Court, will hold a final hearing on the following motion on June 1, 2011, at 1:00 p.m. or as soon thereafter as

1

counsel may be heard, in Courtroom 7W, U.S. Courthouse, 300 South Fourth Street

Minneapolis, MN 55415 (the "Final Hearing"). **THE HEARING MAY BE CONTINUED BY**

**THE COURT AT THE TIME OF THE HEARING WITHOUT ADDITIONAL NOTICE.**

Pursuant to Local Rule 9006-1(c) any response related to issues to be considered at the Final

Hearing must be filed and delivered not later than May 27, 2011, which is five (5) days before

the time set for the Final Hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS**

**TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE**

**MOTION WITHOUT A HEARING.**

4.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and

1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  Venue of this case is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding.

5.      The petition commencing this Chapter 11 case was filed on May 6, 2011 (the

"Petition Date").  The case is now pending in this Court.

6.      The Motion arises under 11 U.S.C. §§ 363, Federal Rules of Bankruptcy

Procedure 4001 and 9014, and Local Rule 4001-2.  The Motion is filed under Bankruptcy Rule

9014 and Local Rules 9013-1 through 9013-3.

7.      By this Motion, Debtor requests that the Court enter an order, a proposed form of

which is attached hereto, (the "Order");

    a.      For a preliminary order granted on an expedited basis allowing the Debtor

to use cash collateral as defined in 11 U.S.C. § 363 in the Bankruptcy Code and in the

manner and amounts as set forth in further detail herein;

b.      For a final order allowing the Debtor to use cash collateral as defined in 11

U.S.C. § 363 in the Bankruptcy Code and in the manner and amounts as set forth in

further detail herein;

c.      For an order granting Debtor the right to a preliminary hearing for the use

of cash collateral on an expedited basis;

d.      For an order deeming the secured creditors adequately protected and

authorizing the Debtor to grant a replacement lien or security interest to the secured

creditors in the same dignity, priority, and validity of its pre-petition lien or security

interest to the extent any cash collateral is used;

e.      Granting such other further protections as the court deems reasonable, so

as to adequately protect the secured creditors' position, and allow the Debtor to use cash

collateral in the ordinary course of business;

f.      For such other and further relief as the court deems just and equitable.

8.      A list of all of the secured lenders, and a description of their collateral is set forth

on Exhibit A.  Debtor estimate of the values of such collateral, and whether each secured creditor

is over or under secured is set forth on Exhibit B.

9.      The Debtor seeks interim relief on an expedited basis, and cause exists to reduce

notice of the Motion.

10.      Debtor has an immediate and ongoing need to use its cash collateral to pay the

expenses incurred in the daily operations of its business.  The necessary expenses are itemized in

further detail on Exhibit D.

11.     Debtor must have interim access to cash collateral.  If Debtor fails to make the payments as needed, Debtor's operations would cease and the estate and the interests of the creditors would be irreparably harmed.

12.     By separate motion filed contemporaneously herewith, the Debtor proposes to acquire post-petition secured financing (the "DIP Financing") to the extent that its available cash is insufficient to allow Debtor to fulfill its operational financial obligations.  The Debtor incorporates herein by reference the motion for post-petition financing and associated documents.

13.     Debtor projects (along with DIP Financing), that such cash will be sufficient to fund its Chapter 11 costs, including post-petition operating expenses while maintaining a comparable level of collateral to provide adequate protection to the Secured Parties as set forth in the Exhibit C.  Debtor will be able to maintain the value of cash collateral through the date of the Final Hearing and thereafter. (See Exhibit C).  Debtor believes that it can, if allowed to continue, operate effectively and confirm a plan of reorganization, or § 363 sale.

14.     As of the Filing Date, the Debtor has cash collateral assets with a value of approximately $200,004.00 (consisting of cash, accounts receivable, and inventory).  The Debtor projects that the value of cash collateral will be approximately $243,459 as of May 12, 2011 (the preliminary hearing date). Cash collateral will be approximately $293,114 as of June 1, 2011 (the final hearing date).  Cash collateral will be approximately $300,580 as of July 29, 2011. (See Exhibit C.) (At all times cash collateral will remain in excess of its value as of the Filing Date.)

15.     Attached hereto are a verified a schedule of debt secured by collateral (Exhibit A); liquidation analysis as of the Filing Date (Exhibit B); a projected cash flow statement through the week of July 29, 2011 (Exhibit C); and a budget of necessary expenses pending the final hearing (Exhibit D).

16.     Exhibit C provides a description of the collateral and its approximate value at the end of the period for which the Debtor seeks authorization to use cash collateral.

17.     By reason of the foregoing, and based upon the projected values and the cash flow projection, the position of the creditors with an interest in cash collateral including cash, accounts receivable and inventory (those items turned into cash in the orderly course of business), remains stable and even increases in value.

18.     As an offer of adequate protection, the Debtor proposes to grant a post-petition replacement security interest of the same priority, dignity and effect as the Secured Parties' prepetition interest in Debtor's cash collateral, to the extent of cash collateral used.

19.     As additional adequate protection, the Debtor proposes (1) to maintain insurance on all of the property in which the Secured Parties (and any other secured creditors) claim a security interest; (2) to pay all post-petition federal and state taxes, including timely deposit of payroll taxes; (3) provide the secured creditors (and all other secured creditors, upon reasonable notice), access during normal business hours for inspection of their collateral and Debtor's business records; and (4) all cash proceeds and income of the Debtor will be deposited into a cash collateral account (i.e., the "DIP" account) as required by law and Local Rule.

20.     Pursuant to Local Rule 9013-2(c), the Debtor states that should testimony be necessary at either the preliminary or final hearing on this matter, Debtor reserves the right to call the following witness(es):

    a.      Gary Bergstrom, Chief Financial Officer;

    b.      Ray Richardson, Jr., President of the Company;

    c.      Other employees or agents of Debtor as appropriate;

    d.      James Hanson, Financial Consultant for  the Company; and

      e.      Other witnesses as deemed necessary.

21.     This motion is further supported by a memorandum of law, and Exhibits A-D attached hereto and incorporated by reference herein.

WHEREFORE, the Debtor requests that the Court enter an order granting the relief requested above.

                           Respectfully submitted,

Dated: May 6, 2011           */e/ Thomas J. Flynn*
                           Thomas J. Flynn (30570)
                           Larkin Hoffman Daly & Lindgren Ltd.
                           1500 Wells Fargo Plaza
                           7900 Xerxes Avenue South
                           Minneapolis, Minnesota 55431-1194
                           952-835-3800
                           tflynn@larkinhoffman.com
                           Attorneys for the Debtor

# EXHIBIT A
## SECURED LENDERS

| SECURED LENDER | COLLATERAL | DEBT (approximate) |
|---|---|---|
| The Riverbank | AR, inventory, Equipment | $218,174 |
| The Riverbank (SBA Loan) | Hanger | $49,106 |
| The Riverbank (SBA Loan) | AR, Inventory, Equipment | $615,410 |
| Wisconsin Business Innovation Corp. | 1981 Cincinnati - Milacron Milling Machine; 1978 Pittler CNC Lathe and Blanket | $242,132 |
| First Advantage Bank | All assets (filed 11/29/10) | $1,100,000 |
| James McLeod | All assets | $80,000 |
| Richard Runbeck/Mike Rogers | All assets | $50,000 |
| Ray Richardson, Sr. | All assets | $71,511 |
| Larry Branch Consulting, LLC | Collateral:  certain personal property | $88,900 |
| Bobby Hoover | Collateral:  certain personal property | $75,000 |
| Janice Branch | Collateral:  certain personal property | $88,000 |
| HCA Equipment Finance | Collateral:  Clark GCX50 forklift and related attachments (no UCC filed in MN) | $6,500 |
| Wisconsin Business Development Finance Corp. (SBA loan) | Specified pieces of personal property | Unknown |

1350475.1

**EXHIBIT B**
**LIQUIDATION ANALYSIS**

# Ratech Machine, Inc.
## Liquidation Analysis
### 4/18/2011

|  | Book Value: | Liquidation Value: |
|---|---|---|
| Cash | 16,800 | 16,800 |
| Accounts Receivable | 146,271 | 117,017 |
| Inventory | 675,000 | 270,000 |
| Equipment (See footnote) | 4,245,000 | 1,021,000 |
|   Less:  Accumulated Depreciation | - 1,824,000 | |
| Totals | 3,259,071 | 1,424,817 |

**Note:**

Several of the large pieces of equipment were originally purchased at their salvage value.  The sheer size of the equipment results in a high installation cost relative to the purchase price.  For example, the "grey" was purchased for $100,000 but cost $200,000 to install.  (It weighs 100 Ton!) The two "gantry's" were purchased for $10,000 but cost $60,000 to be disassembled so that it could be transported and fit into the building.  The transportation costs were $120,000 alone.  These two gantry's along with the beds they travel on have a combined weight of 160 tons.  All of these costs have been capitalized into the cost of the equipment.

**EXHIBIT C**

**BUDGET/CASH FLOW/LOAN AVAILABILITY ANALYSIS**

**(SEE ATTACHED)**

**Paget Morraine, Inc.**
**Forecasted Cash Flows Information**
**For the 12 week period beginning 5/13/2011**

| | Balance on Filing Date 5/6/11 | Week #1 5/13/11 | Week #2 5/20/11 | Week #3 5/27/11 | Week #4 6/3/11 | Week #5 6/10/11 | Week #6 6/17/11 |
|---|---|---|---|---|---|---|---|
| **Cash receipts from customers:** | | | | | | | |
| Net sales | | 37,490 | 53,756 | 57,088 | 80,062 | 286,581 | 100,740 |
| Plus: beginning balance in accounts receivable | | 90,880 | 92,224 | 107,170 | 106,709 | 140,676 | 389,767 |
| Minus: ending balance in accounts receivable | 90,880 | 92,224 | 107,170 | 106,709 | 140,676 | 389,767 | 386,491 |
| Cash receipts from customers | | 36,145 | 38,810 | 57,549 | 46,095 | 37,490 | 104,016 |
| | | | | | | | |
| **Cash payments for Inventory:** | | | | | | | |
| Ending inventory | 108,124 | 150,866 | 150,866 | 150,866 | 150,866 | 108,124 | 108,124 |
| Direct | | | | | | | |
| Cost of goods sold | - | - | - | - | - | 42,742 | - |
| Wages | 71,424 | | 75,063 | | 77,998 | | 79,466 |
| Indirect | | | | | | | |
| Wages | 13,047 | | 13,047 | | 13,047 | | 13,047 |
| Shop expense | - | 16,714 | 17,196 | 8,856 | 10,103 | 21,317 | 19,747 |
| Minus: beginning inventory | 108,124 | 108,124 | 150,866 | 150,866 | 150,866 | 150,866 | 108,124 |
| Cash payments for inventory | 84,471 | 59,456 | 105,306 | 8,856 | 101,148 | 21,317 | 112,260 |
| | | | | | | | |
| **Cash paid for operating expenses** | - | 47,593 | 17,005 | 16,988 | 16,897 | 26,734 | 17,188 |
| **Cash paid for equipment** | | 4,727 | 6,775 | 9,138 | 9,138 | 9,138 | 9,138 |
| **Cash received (repaid) from DIP funds** | - | 75,000 | 95,000 | - | 55,000 | 25,000 | 30,000 |
| | | | | | | | |
| **Net increase (decrease) in cash** | | (631) | 4,724 | 22,568 | (26,088) | 5,301 | (4,570) |
| **Cash - Beginning of period** | 1,000 | 1,000 | 369 | 5,092 | 27,660 | 1,572 | 6,873 |
| | | | | | | | |
| **Cash - End of period** | 1,000 | 369 | 5,092 | 27,660 | 1,572 | 6,873 | 2,303 |
| | | | | | | | |
| **ASSET BALANCES AT MONTH END** | | | | | | | |
| | | | | | | | |
| Cash | 1,000 | 369 | 5,092 | 27,660 | 1,572 | 6,873 | 2,303 |
| Accounts receivable | 90,880 | 92,224 | 107,170 | 106,709 | 140,676 | 389,767 | 386,491 |
| WIP Inventories | 108,124 | 150,866 | 150,866 | 150,866 | 150,866 | 108,124 | 108,124 |
| Equipment (Net) | 2,346,877 | 2,351,604 | 2,358,379 | 2,367,517 | 2,376,655 | 2,385,793 | 2,394,931 |
| Totals | 2,546,881 | 2,595,063 | 2,621,508 | 2,652,752 | 2,669,769 | 2,890,557 | 2,891,849 |

### Doering Machine, Inc.
### Forecasted Cash Flows Information
### For the 12 week period beginning 5/13/2011

|  | Week #7 6/24/11 | Week #8 7/1/11 | Week #9 7/8/11 | Week #10 7/15/11 | Week #11 7/22/11 | Week #12 7/29/11 |
|---|---|---|---|---|---|---|
| **Cash receipts from customers:** | | | | | | |
| Net sales | 104,177 | 78,311 | 78,311 | 52,080 | 52,080 | 52,080 |
| Plus: beginning balance in accounts receivable | 386,491 | 236,700 | 233,743 | 209,083 | 180,778 | 146,522 |
| Minus: ending balance in accounts receivable | 236,700 | 233,743 | 209,083 | 180,778 | 146,522 | 120,291 |
| Cash receipts from customers | 253,968 | 81,268 | 102,971 | 80,385 | 86,336 | 78,311 |
| **Cash payments for Inventory:** | | | | | | |
| Ending inventory | 108,124 | 133,400 | 133,400 | 133,400 | 133,400 | 133,400 |
| Direct | | | | | | |
| Cost of goods sold | | | | | | |
| Wages | - | - | - | - | - | - |
| Indirect | | 79,466 | | 79,466 | | 79,466 |
| Wages | | | | | | |
| Shop expense | | 13,047 | | 13,047 | | 13,047 |
| Minus: beginning inventory | 11,413 | 10,008 | 10,008 | 17,105 | 8,584 | 8,584 |
| | 108,124 | 108,124 | 133,400 | 133,400 | 133,400 | 133,400 |
| Cash payments for inventory | 11,413 | 127,798 | 10,008 | 109,618 | 8,584 | 101,097 |
| **Cash paid for operating expenses** | 2,055 | 39,797 | 19,888 | 24,800 | 2,173 | 39,098 |
| **Cash paid for equipment** | 9,138 | 11,810 | 10,688 | 10,688 | | |
| **Cash received (repaid) from DIP funds** | (100,000) | | | | | |
| **Net increase (decrease) in cash** | 131,362 | (98,137) | 62,387 | (64,721) | 75,579 | (61,884) |
| **Cash – Beginning of period** | 2,303 | 133,665 | 35,528 | 97,915 | 33,193 | 108,773 |
| **Cash – End of period** | 133,665 | 35,528 | 97,915 | 33,193 | 108,773 | 46,889 |
| **ASSET BALANCES AT MONTH END** | | | | | | |
| Cash | 133,665 | 35,528 | 97,915 | 33,193 | 108,773 | 46,889 |
| Accounts receivable | 236,700 | 233,743 | 209,083 | 180,778 | 146,522 | 120,291 |
| WIP Inventories | 108,124 | 133,400 | 133,400 | 133,400 | 133,400 | 133,400 |
| Equipment | 2,404,069 | 2,415,879 | 2,426,567 | 2,437,255 | 2,437,255 | 2,437,255 |
| Totals | 2,882,558 | 2,818,550 | 2,866,965 | 2,784,626 | 2,825,950 | 2,737,835 |

**EXHIBIT D**
**BUDGET OF FUNDS TO BE EXPENDED**
**PENDING FINAL HEARING**

# Ratech Machine, Inc.

### Budget of Necessary Expenditures Pending the Final Hearing

| | |
|---|---:|
| Direct & Indirect Labor | 147,684 |
| Administration Salaries | 30,414 |
| Employee Benefits | 13,518 |
| Payroll Taxes | 24,435 |
| Employee Expense Reimbursement | 649 |
| Materials | 42,742 |
| Freight | 6,852 |
| Manufacturing Supplies | 5,550 |
| Disposable Tooling & Inserts | 23,024 |
| Utilities | 17,443 |
| Commissions | 9,907 |
| Software Support | 5,490 |
| Office Supplies & Postage | 375 |
| Machine Maintenance (Lubricating Oil, Repair Parts, etc.) | 7,199 |
| Machine Modifications Necessary for require Output | 29,779 |
| Telephone | 1,700 |
| Insurance | 7,203 |
| **Total Necessary Expenditures** | **373,962** |

### Use of DIP Loan Pending Final Hearing:

| | |
|---|---:|
| 5/13/11 Week | 66,000 |
| 5/20/11 Week | 95,000 |
| 5/27/11 Week | |
| 6/3/11 Week | 37,000 |
| **Total** | **198,000** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:                                                    Case No. 11-33053 (NCD)
                                                          Chapter 11
Ratech Machine, Inc.,

                       Debtor.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR USE OF CASH COLLATERAL AND FOR EXPEDITED RELIEF

Ratech Machine, Inc. (the "Debtor"), by and through its attorneys, submits this memorandum of law in support of its motion for use of cash collateral and for expedited relief. The petition commencing this Chapter 11 case was filed on May 6, 2011 (the "Filing Date"). The Debtor machines large parts and equipment for the oil, gas, defense and aeronautics industries.  The Debtor is a Minnesota corporation and employs approximately 40 people at its plant in Polk County, Wisconsin.

**A.      Cause Exists to Reduce Notice of Hearing on the Interim Motion.**

Bankruptcy Rule 4001(b) provides that a court may commence a final hearing for authority to use cash collateral no earlier than 15 days after service of the motion. The rule further provides that a court may conduct a preliminary hearing before such 15-day period expires, but the court may authorize the obtaining of credit or use of cash collateral only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Local Rule 9006-1(d) permits a party to serve moving papers on shorter than 14 days notice for cause. In this case, grounds exist to reduce notice of the interim hearing to authorize the use of cash collateral on a preliminary basis pending the final hearing. Debtor has an urgent need to use cash collateral to continue their operations uninterrupted. Debtor must meet

1

immediate obligations such as payroll, sales taxes, and payments to trade vendors, and utilities.

The relief sought herein is designed to ease Debtor's transition to chapter 11, and minimize

disruptions to Debtor's business operations. Given the Debtor's critical need to continue its

operations uninterrupted, the Court should reduce notice of the hearing on this matter.

**B.      Debtor Is Entitled to an Order Authorizing the Requested Relief**

Section 363 of the Bankruptcy Code prohibits a debtor from using cash collateral without

the consent of the secured party having an interest in such collateral or court order.  Such an

order can be entered if the debtor offers adequate protection to the party or parties with a secured

interest in cash collateral.  In this case, Debtor requests approval of its use of cash collateral to

the extent necessary to operate its business in the ordinary course and in the manner specified in

further detail in Exhibit D.

As adequate protection, Debtor proposes replacement liens and reporting of information

to the Secured Parties as set forth in the Stipulated Order. For purposes of evaluating this request,

the Eighth Circuit Court of Appeals has stated:

> In any given case, the bankruptcy court must necessarily (i)
> establish the value of the secured creditor's interest, (ii) identify the
> risk to the secured creditor's value resulting from the debtor's
> request for use of cash collateral, and (iii) determine whether the
> debtor's adequate protection proposal protects value as nearly as
> possible against risks to that value consistent with the concept of
> indubitable equivalence.

In re Martin, 761 F.2d 472, 476-77 (8th Cir. 1985).  The adequate protection offered by Debtor

satisfies the requirements imposed by the Bankruptcy Code and stated by the Eighth Circuit, and

does not prejudice the rights of other creditors.

Under the Martin analysis, the first step is to establish the value of the secured creditor's

interest.  For purposes of this motion, the creditor's interest is determined by what the creditor

could recover if the collateral were disposed of in the most commercially reasonable manner

practicable.  In re Boring, 91 B.R. 791, 795 (Bankr. S.D. Ohio 1988); United States v. Smithfield

Estates, Inc., 48 B.R. 910, 912 (Bankr. D.R.I. 1985).  In this case, the Debtor believes the

Secured Parties may consent to the proposed use of cash collateral.  Regardless of consent, the

circumstances warrant approval of the requested use of cash collateral.

The second requirement of Martin requires the court to identify the risk to the secured

creditor's value resulting from the debtor's request for use of cash collateral.  In the instant cases,

such risk would be that Debtor might fail to generate sufficient replacement cash collateral to

compensate for use of existing cash collateral.  The Debtor proposes to use cash collateral to

maintain its existing operations, to meet payroll and payroll taxes and to meet other operating

expenses in order to continue to generate cash to pay its creditors.  Moreover, this proposal to

use cash collateral is in an effort to maintain going concern value which inures directly to the

Secured Parties benefit.  The Debtor's only alternative option is to shut down operations if it is

not granted the relief requested. Such a result will greatly impair the value of Debtor's assets in

which the Secured Parties have an interest, likely precluding unsecured creditors from receiving

anything on account of their claims, and would impose substantial disruption to the Debtor's

customers, employees, and other parties in interest.  Accordingly, the Debtor currently projects

that it can maintain the value of collateral and the Secured Parties risk is minimal.

The third requirement of Martin requires the Court to examine the debtor's adequate

protection proposal to determine that the proposal protects the value of the secured creditor's

interest, if any, in the cash collateral relative to the risk to such value. See Martin, 761 F.2d at

477.  The Debtor need only show that it will be able to maintain the value of the cash collateral

in order to be allowed the use of cash.  See United Sav. Assn. of Tex. v. Timbers of Inwood

Forest Associates, Ltd., 484 U.S. 365 (1988). Here, the Debtor proposes to grant a replacement

3

lien on, and security interest in, the same types and items of collateral as were subject to liens as of the commencement of the case.  Such replacement liens would extend to post-petition assets of the estates to the extent of cash collateral used by the Debtor.

The motion assumes that the security interests of the Secured Parties are properly perfected.  However, the Debtor has not had the time to determine whether such asserted interests are perfected or whether the documents purportedly collateralizing the Debtor's assets, and the related loans are legally sufficient.  The value of the collateral securing the claims of the Cash Collateral Creditors is approximately $200,004.00 (at liquidation), which first position lien is held by the River Bank.  The Debtor need only show that it will be able to maintain the value of the cash collateral in order to be allowed the use of cash.  See United Savings Assoc. v. Timbers of Inwood Forest, 484 U.S. 385 (1988). Here, Debtor can maintain the value of collateral (see Exhibit C).

It is proposed that the Secured Parties receive a replacement lien in the Debtor's assets, and that by virtue thereof, they are adequately protected in this case.  The grant of such liens will be to the same extent, priority and dignity of any lien a Secured Party had or may have had prepetition.  Furthermore, the replacement liens will be enforceable post-petition, only to the extent necessary to protect the interests of the Secured Parties as of the time of filing of the case. In addition, the Debtor will otherwise preserve the value of the cash collateral, and all other collateral, during the pending of this case, as more fully set forth in the motion.

Cash flow projections filed with this motion indicate that the Debtor will be able to maintain the status quo and even improve its condition on a cash basis through the week of July 29, 2011.  The secured parties' interests, therefore, are adequately protected.

Respectfully submitted,

Dated: May 6, 2011

/e/ Thomas J. Flynn
Thomas J. Flynn (30570)
Larkin Hoffman Daly & Lindgren Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431-1194
952-835-3800
tflynn@larkinhoffman.com
Attorneys for the Debtor

## VERIFICATION

I, Gary Bergstrom, the Debtor's Chief Financial Officer, declare under penalty of perjury that I have read the following documents:

1.    Notice of Hearing and Motion for Use of Cash Collateral and for Expedited Relief;

2.    Memorandum of Law in Support of Motion for Use of Cash Collateral and for Expedited Relief;

3.    Exhibits A, B, C and D;

and that the facts contained therein are true and correct to the best of my knowledge, information, and belief.

Dated:  May 6, 2011                    By: _____
                                           Gary Bergstrom
                                           Its:  Chief Financial Officer

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

---

In re:                                    Case No. 11-33053 (NCD)
                                          Chapter 11
Ratech Machine, Inc.,

           Debtor.

---

## CERTIFICATE OF SERVICE

---

Under penalty of perjury, I declare that on May 6, 2011, the following documents were served upon the parties listed on the attached service list in the matter indicated therein:

1.     Notice of Hearing and Motion for Use of Cash Collateral

2.     Memorandum of Law In Support of Motion for Use of Cash Collateral and for Expedited Relief

3.     Exhibits A-D

4.     Verification

5.     Certificate of Service

6.     Proposed Preliminary Order

7.     Proposed Final Order


Dated: May 6, 2011                    */e/ Thomas J. Flynn*

## Ratech Machine, Inc.
## Chapter 11 Bky Case No. 11-33053
## RULE 9013-3 SERVICE LIST

**DEBTOR**
Ratech Machine, Inc.
535 Simmon Drive
Oceola, WI, 54020
**VIA U.S. MAIL**

**DEBTOR'S COUNSEL**
Larkin Hoffman Daly & Lindgren, Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, MN 55431
Phone: (952) 835-3800
Fax: (952) 896-3333
tflynn@larkinhoffman.com

**UNITED STATES TRUSTEE**
US Trustee Office
1015 U S Courthouse
300 S 4th Street
Minneapolis, MN 55415
ustpregion12.mn.ecf@usdoj.gov
**VIA ECF**

**TEN LARGEST UNSECURED CREDITORS**
Z&Z Machine Products, Inc.
Attn: Frank Kumosz
1225 14th Street
Racine, WI, 53403
Phone: 262-939-4134
Fax: 262-637-1505
**VIA FACSIMILE/U.S. MAIL**

Rasmussen Company, Inc.
Attn: Jeff Luellwitz
338 Oaktoon Avenue
Pewakukee, WI 53072-3400
Phone: 800-558-0575
Fax: 262-695-7545
**VIA FACSIMILE/U.S. MAIL**

Innovation Mold & Design
Attn: Daniel Fairbanks
N118 W. 18988 Bunsen Drive
Germantown, WI 53022
Phone: 262-251-8201
Fax: 262-251-8195
**VIA FACSIMILE/U.S. MAIL**

Carlson Tool & Manufacturing Corp.
Attn: Bob Dries
W57 N. 14386 Doeer Way
Cedarburg, WI 53012
Phone: 262-377-2020
Fax: 262-376-1018
**VIA FACSIMILE/U.S. MAIL**

Deco Tool Supply Company
Attn: Dennis Quin
6224 Lakeland Avenue N.
Suite 105
Brooklyn Park, MN 55428
Phone: 800-397-3433
Fax: 763-537-8836
**VIA FACSIMILE/U.S. MAIL**

Freight Management Logis
Attn: Rod Southwood
123 Columbia Court N.
Suite 90
Chaska, MN 55318
Phone: 952-448-5098
Fax: 952-448-5631
**VIA FACSIMILE/U.S. MAIL**

Morgan Machinery Moving
Attn: Steve Powell
P.O. Box 226
North Plains, OR 97133
Phone: 503-710-1154
Fax: 503-647-7422
**VIA FACSIMILE/U.S. MAIL**

Hudson Machine & Tool
Attn: Mike Shaver
1750 Ridgeway Street
Hammond, WI 54015
Phone: 715-796-5250
Fax: 715-796-5276
**VIA FACSIMILE/U.S. MAIL**

Johnson Nolan Enterprises
Attn: Wayne Johnson
18970 Osceola Road
Shafer, MN 55074
**VIA U.S. MAIL**

MSC Industrial Supply Co.
P.O. Box 382070
Pittsburgh, PA 15250-8070
Phone: 888-571-1576
Fax: 952-995-0876
**VIA FACSIMILE/U.S. MAIL**

**SECURED CREDITORS**
Bobby Hoover
2059 County Road 512
Stephenville, TX 76401
**VIA U.S. MAIL**

First Advantage Bank Line of Credit
9950 Foley Blvd. NW
Coon Rapids, MN 55433
Phone: 763-780-6600
Fax: 763-780-6601
**VIA FACSIMILE/U.S. MAIL**

Hitachi Capital America Corp.
800 Connecticut Avenue
Norwalk, CT 06854
**VIA U.S. MAIL**

James McLeod
11580 30th Street
Lake Elmo, MN 55042
**VIA U.S. MAIL**

Janice Branch
790 Timbercreek Circle
Stephenville, TX 76401

**VIA U.S. MAIL**

Larry Branch 401(k) Plan
790 Timbercreek Circle
Stephenville, TX 76401
**VIA U.S. MAIL**

Ray Richardson, Sr.
5210 Bald Eagle Blvd. E.
White Bear Lake, MN 55110
**VIA U.S. MAIL**

Richard Runbeck
48 East Golden Lake Road
Circle Pines, MN 55014
**VIA U.S. MAIL**

RIG Leasing, LLC
5210 Bald Eagle Blvd. East
White Bear Lake, MN 55110-6501
**VIA U.S. MAIL**

The Riverbank
304 Cascade Street
P.O. Box 188
Osceola, WI 54020
Phone: 888-294-2183
Fax: 715-294-2199
**VIA FACSIMILE/U.S. MAIL**

The Riverbank & SBA
304 Cascade Street
P.O. Box 188
Osceola, WI 54020
Phone: 888-294-2183
Fax: 715-294-2199
**VIA FACSIMILE/U.S. MAIL**

Wisconsin Business Innovation Corp.
1400 South River Street
Spooner, WI 54801
Phone: 715-635-2197
Fax: 715-635-7262
**VIA FACSIMILE/U.S. MAIL**

**DISTRICT COUNSEL OF THE INTERNAL REVENUE SERVICE**
IRS District Counsel
650 Galtier Plaza
380 Jackson Street
St. Paul, MN 55101
Fax: 651-726-7360
**VIA FACSIMILE/U.S. MAIL**

**DISTRICT DIRECTOR OF THE INTERNAL REVENUE SERVICE**
Internal Revenue Service
Wells Fargo Place, #1222
30 E 7th St, Mail Stop 5700
St Paul MN 55101
Fax: (651) 312-7970
**VIA FACSIMILE/U.S. MAIL**

| **INTERNAL REVENUE SERVICE CENTRALIZED INSOLVENCY OPERATION** |
| --- |
| IRS Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346<br>Fax:  267-941-1015<br>**VIA FACSIMILE/U.S. MAIL** |

| **COLLECTION DIVISION OF THE MINNESOTA DEPARTMENT OF REVENUE** |
| --- |
| MN Department of Revenue<br>Collection Enforcement<br>551 Bankruptcy Section |

| 600 North Robert Street<br>PO Box 64447<br>St Paul MN 55101<br>Fax:  (651) 282-2817<br>**VIA FACSIMILE/U.S. MAIL** |
| --- |

| **UNITED STATES ATTORNEY FOR THE DISTRICT OF MINNESOTA** |
| --- |
| US Attorney<br>600 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415<br>Fax:  612-664-5788<br>**VIA FACSIMILE/U.S. MAIL** |

| **REQUESTS FOR NOTICE/ NOTICE OF APPEARANCE** |
| --- |
| |
| 1349579.1 |

2.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re:

Ratech Machine, Inc.,

        Debtor.

Case No. 11-33053 (NCD)
Chapter 11

---

**ORDER GRANTING EXPEDITED RELIEF AND AUTHORIZING USE OF CASH COLLATERAL ON AN INTERIM BASIS**

---

This matter is before the court for preliminary hearing on the debtor's motion for use of cash collateral and for expedited relief. Based on the arguments of counsel, all of the files, records, and proceedings herein, and the court being fully advised in the premises,

IT IS ORDERED:

1.    The debtor's request for expedited relief is GRANTED.

2.    The debtor is authorized to use cash, including cash collateral, subject to the liens of the Secured Parties and consistent with the budget attached to the motion until the entry of an order following the final hearing on the motion, up to $373,962.00.

3.    For purposes of adequate protection and to the extent of use of pre-petition cash collateral in which the Secured Parties have a security interest, the debtor is authorized to grant to the Secured Parties replacement liens pursuant to 11 U.S.C. § 552 in the debtor's post-petition assets of the same type and nature as is subject to the pre-petition liens of the Secured Parties. Such liens shall have the same priority, dignity and effect as pre-petition liens on the pre-petition property of the debtor, to secure the amount of such creditor's claims equal to the diminution in value of such collateral during the pendency of the case.

1

There shall be no lien in any actions available to the debtor under Chapter 5 of the Bankruptcy Code.

4.     The replacement lien granted by the debtor shall be deemed properly perfected without further act or deed on the part of the debtor or the Secured Parties.

5.     The debtor is hereby authorized, but not directed, to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the relief as described and approved in this order.

6.     Entry of this order is without prejudice to the rights of the debtor, including, but not limited to, the right to seek further, other, or different relief under the Bankruptcy Code.

7.     This court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

8.     This order is effective immediately upon its entry.

Dated: _____

_____
Nancy C. Dreher
United States Bankruptcy Judge

2