# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                    Case No. 11-33053 (NCD)
                                          Chapter 11
Ratech Machine, Inc.,

        Debtor.

## NOTICE OF HEARING AND MOTION FOR POST-PETITION FINANCING, AND FOR EXPEDITED RELIEF

TO:    THE PARTIES LISTED IN LOCAL RULE 9013-3(a)

    1.    Ratech Machine, Inc. (the "Debtor") moves this Court for the relief requested below and gives notice of hearing herewith.

    2.    The Honorable Nancy C. Dreher, Judge of the U.S. Bankruptcy Court, will hold a <u>preliminary hearing</u> on the following motion on May 12, 2011 at 2:30 p.m. or as soon thereafter as counsel may be heard, in Courtroom 7W, U.S. Courthouse, 300 South Fourth Street Minneapolis, MN, 55415 (the "Preliminary Hearing"). **THE HEARING MAY BE CONTINUED BY THE COURT AT THE TIME OF THE HEARING WITHOUT ADDITIONAL NOTICE.** Local Rule 9006-1 provides deadlines for responses to this Motion. However, given the expedited nature of the relief sought, movant does not object to written responses being served and filed no less than two hours prior to the hearing. **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE PRELIMINARY RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING.**

    3.    The Honorable Nancy C. Dreher, Judge of the U.S. Bankruptcy Court, will hold a <u>final hearing</u> on the following motion on June 1, 2011 at 1:00 p.m. or as soon thereafter as

counsel may be heard, in Courtroom 7W, U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415 (the "Final Hearing").  **THE HEARING MAY BE CONTINUED BY THE COURT AT THE TIME OF THE HEARING WITHOUT ADDITIONAL NOTICE.**  Pursuant to Local Rule 9006-1(c) any response related to issues to be considered at the Final Hearing must be filed and delivered not later than May 27, 2011, which is five (5) days before the time set for the Final Hearing.  **UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE RELIEF REQUESTED IN THE MOTION WITHOUT A HEARING.**

4. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  Venue of this case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding.

5. The petition commencing this Chapter 11 case was filed on May 6, 2011 (the "Petition Date").  The case is now pending in this Court.

6. The Motion arises under 11 U.S.C. § 364(c), Federal Rules of Bankruptcy Procedure 4001(c) and 9014.  The Motion is filed under Bankruptcy Rule 9014 and Local Rules 9013-1 through 9013-3.

7. By this Motion, Debtor requests that the Court enter an order, a proposed form of which is attached hereto, (the "Order");

    a. For a preliminary order granted on an expedited basis allowing the Debtor to obtain credit under 11 U.S.C. § 364(c) in the manner and amounts as set forth in further detail herein;

    b. For a final order allowing the Debtor to obtain credit under 11 U.S.C. § 364(c) in the manner and amounts as set forth in further detail herein;

2

  c. For an order granting the Debtor the right to a preliminary hearing on an expedited basis;

  d. For such other and further relief as the court deems just and equitable.

8. The Debtor proposes to borrow on substantially the terms contained on the Term Sheet (Exhibit A) setting forth the material terms and conditions of the DIP Financing (the "DIP Loan Documents"). This DIP Loan is subject to several pre-conditions which the Debtor and other secured partners are negotiating. The Debtor believes it will have met all such pre-conditions prior to the preliminary hearing. The Total Loan will be up to $350,000, from The River Bank, Osceola, Wisconsin (the "River Bank" or "DIP Lender") on terms substantially similar as those proposed in this motion (the "DIP Lender"). The River Bank is Debtor's current primary lender, and has a first-position blanket lien on Debtor's assets.

9. The DIP Lender will take a first position security interest in assets purchased with the loan proceeds (a purchase money security interest). The DIP Lender will take a security interest in the order of its priority, constituting its first position pre-filing blanket lien on all of Debtor's assets.

10. The Debtor anticipates a sale of all of its assets under 11 U.S.C. § 363.

11. Under Rule 4001(c)(2), the Debtor seeks the Court's approval to borrow up to $198,000 immediately pending a final hearing. See attached budget in Exhibit B. At the final hearing, the Debtor will seek the Court's approval to borrow up to the remaining amount of the $350,000 (the "DIP Loan").

12. The Debtor filed a motion for the use of cash collateral contemporaneously herewith, and incorporates herein by reference that motion and associated documents. The

Debtor requests permission for immediate borrowing in order to make up any shortfall in its available cash according to the cash collateral motion.

13. The loan will be used to fund operations and maintain the going concern value of the business until a § 363 sale can be completed. The loan will not be used to pay prepetition claims. Upon the completion of the § 363 sale, Secured Parties will be paid according to the priority of their liens, any intercreditor agreements, and available cash with which to make payments.

14. Debtor requests that a post petition lien be given to DIP Lender, which lien would otherwise violate § 362(a)(4), (5).

15. The Debtor requests that the DIP Lenders' lien be deemed properly perfected without any further act or deed by the Debtor or DIP Lenders.

16. The Debtor does not request any relief under Rule 4001(C)(B)(v), (vi), (viii), (ix), (x), (xi).

17. Debtor seeks relief on an expedited basis under Rule 4001(c)(2).

18. The Debtor has made efforts to obtain unsecured credit, but has been unable to obtain unsecured credit. The DIP Loan Debtor is seeking in this motion is critical. Debtor needs these funds to continue to operate and has been unable to find any other source of funds or another lender.

19. The Loan Documents with the DIP Lender are fair, done in good faith and at arms' length negotiations. No other creditors' liens or collateral are in any way affected or prejudiced. Based on the Debtor's diminished business operations and overall financial situation, the Debtor cannot find financing of this sort from any other sources at this time.

20. Expedited relief is requested because the Debtor requires the use of a portion of the financing to carry out its operations pending the final hearing. The disruption of its operations would cause irreparable damage to the Debtor and creditors, and greatly diminish the going concern value of the Debtor by causing the cessation of the Debtor's business operations. The Debtor must have interim access to cash. If the Debtor fails to make the payments as needed, the Debtor's operations would cease and the estate and the interests of the creditors would be irreparably harmed.

21. The Debtor has an immediate and ongoing need to use its cash collateral to pay the expenses incurred in the daily operations of its business. The necessary expenses are itemized in further detail on Exhibit D to the cash collateral motion, filed contemporaneously herewith.

22. Should testimony be necessary at the hearing on this matter, the Debtor reserves the right to call the following witnesses:

    (a)    Ray Richardson, Jr., President of the Debtor

    (b)    Gary Bergstrom, Chief Financial Officer of the Debtor

    (c)    James Hannon, financial consultant for the Company

23. This motion is further supported by a Memorandum of Law, Exhibits A and B, attached hereto and incorporated herein by reference.

WHEREFORE, the Debtor requests that the Court enter an order granting the relief requested above.

Respectfully submitted,

Dated: May 6, 2011

*/e/ Thomas J. Flynn*
Thomas J. Flynn (30570)
Larkin Hoffman Daly & Lindgren Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South

Minneapolis, Minnesota 55431-1194
952-835-3800
tflynn@larkinhoffman.com
Attorneys for the Debtor

1350529.1

**EXHIBIT A**
**TERM SHEET**
(see attached)

May 5, 2011

Ratech Machine, Inc.
Gary Bergstrom, CFO
535 Simmon Drive
Osceola, WI 54020

Dear Gary,

The RiverBank - Osceola is pleased to provide you with the following described operating credit line commitment. The operating line will be available through the DIP account in Chapter 11 bankruptcy. The credit line is contingent on being approved by the bankruptcy courts, approval of the intercreditor agreement, and approval of loan documents.

### **Revolving Line of Credit:**

| | |
|---|---|
| Amount: | $350,000 |
| Interest Rate: | 7.0% |
| Term: | 6 months |
| Payment: | Monthly interest on outstanding balance. |
| Advances: | Advances will be allowed as approved by the Chapter 11 bankruptcy plan. |
| Contingencies: | Approved and signed intercreditor agreement between Reviva and The RiverBank. |
| | Approval from the Chapter 11 Bankruptcy courts. |
| | Approval of loan documents. |

*Ratech Machine, Inc.*
*Loan Commitment*
*May 5, 2011*
*Page 2*

Security: 1st lien on all business assets of Ratech Machine
$350,000 deposit account held at The RiverBank pledged by Revival
Cash value life insurance

Guaranty: Existing guaranties

If you have any questions, or need any additional information, please feel free to contact me.

Sincerely,

*Mark G. Erickson*

Mark G. Erickson
President

**EXHIBIT B**
**BUDGET OF FUNDS TO BE EXPENDED**
**PENDING FINAL HEARING**
(see attached)

# Ratech Machine, Inc.

## Budget of Necessary Expenditures Pending the Final Hearing

| | |
|---|---:|
| Direct & Indirect Labor | 147,684 |
| Administration Salaries | 30,414 |
| Employee Benefits | 13,518 |
| Payroll Taxes | 24,435 |
| Employee Expense Reimbursement | 649 |
| Materials | 42,742 |
| Freight | 6,852 |
| Manufacturing Supplies | 5,550 |
| Disposable Tooling & Inserts | 23,024 |
| Utilities | 17,443 |
| Commissions | 9,907 |
| Software Support | 5,490 |
| Office Supplies & Postage | 375 |
| Machine Maintenance (Lubricating Oil, Repair Parts, etc.) | 7,199 |
| Machine Modifications Necessary for require Output | 29,779 |
| Telephone | 1,700 |
| Insurance | 7,203 |
| **Total Necessary Expenditures** | **373,962** |

## Use of DIP Loan Pending Final Hearing:

| | |
|---|---:|
| 5/13/11 Week | 66,000 |
| 5/20/11 Week | 95,000 |
| 5/27/11 Week | |
| 6/3/11 Week | 37,000 |
| **Total** | **198,000** |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>Ratech Machine, Inc.,<br><br>        Debtor. | Case No. 11-33053 (NCD)<br>Chapter 11 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR POST-PETITION FINANCING, AND FOR EXPEDITED RELIEF

Ratech Machine, Inc. (the "Debtor"), by and through its attorneys, submits this memorandum of law in support of its motion for use of cash collateral and for expedited relief. The petition commencing this Chapter 11 case was filed on May 6, 2011 (the "Filing Date"). The Debtor is in the business of manufacturing and machining equipment and parts for oil, gas and other large industrial industries. The Debtor is a Minnesota corporation and employs approximately 40 people at its plant in Osceola, Wisconsin.

### A. Cause Exists to Reduce Notice of Hearing on the Interim Motion.

Bankruptcy Rule 4001(c)(2) provides that a court may commence a final hearing for authority to obtain no earlier than 15 days after service of the motion. The rule further provides that a court may conduct a preliminary hearing before such 15-day period expires, but the court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing.

Local Rule 9006-1(d) permits a party to serve moving papers on shorter than 14 days notice for cause. In this case, grounds exist to reduce notice of the preliminary hearing to authorize the obtaining of credit on a preliminary basis pending the final hearing. The Debtor has an urgent need to borrow money to continue its operations uninterrupted. The Debtor must

meet immediate obligations such as payroll, sales taxes, and payments to trade vendors, and utilities. The relief sought herein is designed to allow the Debtor to continue to operate pending a sale under § 363. This, in turn, will maintain the value of the Debtor's assets as a going concern for the benefit of creditors. Given the Debtor's critical need to continue its operations uninterrupted, the Court should reduce notice of the hearing on this matter.

**B.     Debtor Is Entitled to an Order Authorizing the Requested Relief**

11 U.S.C. § 364(c) states:

> If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit of the incurring of debt—
> (1) with priority over any or all administrative expenses of the kind specified in section 503(b) or 507 (b) of this title;
> (2) secured by a lien on property of the estate that is not otherwise subject to a lien; or
> (3) secured by a junior lien on property of the estate that is subject to a lien.

In this case, the trustee is not able to obtain unsecured credit with which to fund operations. As such, relief under § 364(c) is appropriate. The financial circumstances in which the Debtor finds itself (See Exhibit attached and exhibits attached to cash collateral motion filed contemporaneously herewith) are such that financing is not available through traditional lending channels.

The Debtor is not able to obtain financing to support its operations. The DIP Lender (its primary bank, holding a first position blanket lien against Debtor's assets) is willing to loan the Debtor money on a secured basis to maintain the Debtor's going concern value until a § 363 sale can be completed.

There is no prejudice to current Secured Parties. The DIP Lender already holds a superior lien to all other lenders. The additional DIP Loan is merely an additional advance under

the Debtor's credit facility.   In fact, the DIP Loan will directly benefit the Secured Parties by helping to ensure that the value of the encumbered assets is maximized.

Respectfully submitted,

Dated: May 6, 2011

*/e/ Thomas J. Flynn*
Thomas J. Flynn (30570)
Larkin Hoffman Daly & Lindgren Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, Minnesota 55431-1194
952-835-3800
tflynn@larkinhoffman.com
Attorneys for the Debtor

1350529.1

# VERIFICATION

I, Gary Bergstrom, the Debtor's Chief Financial Officer, declare under penalty of perjury that I have read the following documents:

1. Notice of Hearing and Motion for Post-Petition Financing and for Expedited Relief;

2. Memorandum of Law in Support of Motion for Post-Petition Financing and for Expedited Relief;

3. All Exhibits;

and that the facts contained therein are true and correct to the best of my knowledge, information, and belief.

Dated: May 6, 2011        By: *(signed)* Gary P. Bergstrom, CFO
                          Gary Bergstrom
                          Its: Chief Financial Officer

1350529.1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:  Case No. 11-33053 (NCD)
 Chapter 11
Ratech Machine, Inc.,

      Debtor.

## CERTIFICATE OF SERVICE

Under penalty of perjury, I declare that on May 6, 2011, the following documents were served upon the parties listed on the attached service list in the matter indicated therein:

1. Notice of Hearing and Motion for Post-Petition Financing, and for Expedited Relief

2. Memorandum of Law In Support of Motion for Post-Petition Financing, and for Expedited Relief

3. Exhibits A and B

4. Verification

5. Certificate of Service

6. Proposed Preliminary Order

7. Proposed Final Order


Dated: May 6, 2011          */e/ Thomas J. Flynn*

1350529.1

# Ratech Machine, Inc.
# Chapter 11 Bky Case No. 11-33053
# RULE 9013-3 SERVICE LIST

**DEBTOR**
Ratech Machine, Inc.
535 Simmon Drive
Oceola, WI, 54020
**VIA U.S. MAIL**

**DEBTOR'S COUNSEL**
Larkin Hoffman Daly & Lindgren, Ltd.
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Minneapolis, MN 55431
Phone: (952) 835-3800
Fax: (952) 896-3333
tflynn@larkinhoffman.com

**UNITED STATES TRUSTEE**
US Trustee Office
1015 U S Courthouse
300 S 4th Street
Minneapolis, MN 55415
ustpregion12.mn.ecf@usdoj.gov
**VIA ECF**

**TEN LARGEST UNSECURED CREDITORS**
Z&Z Machine Products, Inc.
Attn: Frank Kumosz
1225 14th Street
Racine, WI, 53403
Phone: 262-939-4134
Fax: 262-637-1505
**VIA FACSIMILE/U.S. MAIL**

Rasmussen Company, Inc.
Attn: Jeff Luellwitz
338 Oaktoon Avenue
Pewakukee, WI 53072-3400
Phone: 800-558-0575
Fax: 262-695-7545
**VIA FACSIMILE/U.S. MAIL**

Innovation Mold & Design
Attn: Daniel Fairbanks
N118 W. 18988 Bunsen Drive
Germantown, WI 53022
Phone: 262-251-8201
Fax: 262-251-8195
**VIA FACSIMILE/U.S. MAIL**

Carlson Tool & Manufacturing Corp.
Attn: Bob Dries
W57 N. 14386 Doeer Way
Cedarburg, WI 53012
Phone: 262-377-2020
Fax: 262-376-1018
**VIA FACSIMILE/U.S. MAIL**

Deco Tool Supply Company
Attn: Dennis Quin
6224 Lakeland Avenue N.
Suite 105
Brooklyn Park, MN 55428
Phone: 800-397-3433
Fax: 763-537-8836
**VIA FACSIMILE/U.S. MAIL**

Freight Management Logis
Attn: Rod Southwood
123 Columbia Court N.
Suite 90
Chaska, MN 55318
Phone: 952-448-5098
Fax: 952-448-5631
**VIA FACSIMILE/U.S. MAIL**

Morgan Machinery Moving
Attn: Steve Powell
P.O. Box 226
North Plains, OR 97133
Phone: 503-710-1154
Fax: 503-647-7422
**VIA FACSIMILE/U.S. MAIL**

Hudson Machine & Tool
Attn: Mike Shaver
1750 Ridgeway Street
Hammond, WI 54015
Phone: 715-796-5250
Fax: 715-796-5276
**VIA FACSIMILE/U.S. MAIL**

Johnson Nolan Enterprises
Attn: Wayne Johnson
18970 Osceola Road
Shafer, MN 55074
**VIA U.S. MAIL**

MSC Industrial Supply Co.
P.O. Box 382070
Pittsburgh, PA 15250-8070
Phone: 888-571-1576
Fax: 952-995-0876
**VIA FACSIMILE/U.S. MAIL**

**SECURED CREDITORS**
Bobby Hoover
2059 County Road 512
Stephenville, TX 76401
**VIA U.S. MAIL**

First Advantage Bank Line of Credit
9950 Foley Blvd. NW
Coon Rapids, MN 55433
Phone: 763-780-6600
Fax: 763-780-6601
**VIA FACSIMILE/U.S. MAIL**

Hitachi Capital America Corp.
800 Connecticut Avenue
Norwalk, CT 06854
**VIA U.S. MAIL**

James McLeod
11580 30th Street
Lake Elmo, MN 55042
**VIA U.S. MAIL**

Janice Branch
790 Timbercreek Circle
Stephenville, TX 76401

**VIA U.S. MAIL**

Larry Branch 401(k) Plan
790 Timbercreek Circle
Stephenville, TX 76401
**VIA U.S. MAIL**

Ray Richardson, Sr.
5210 Bald Eagle Blvd. E.
White Bear Lake, MN 55110
**VIA U.S. MAIL**

Richard Runbeck
48 East Golden Lake Road
Circle Pines, MN 55014
**VIA U.S. MAIL**

RIG Leasing, LLC
5210 Bald Eagle Blvd. East
White Bear Lake, MN 55110-6501
**VIA U.S. MAIL**

The Riverbank
304 Cascade Street
P.O. Box 188
Osceola, WI 54020
Phone: 888-294-2183
Fax: 715-294-2199
**VIA FACSIMILE/U.S. MAIL**

The Riverbank & SBA
304 Cascade Street
P.O. Box 188
Osceola, WI 54020
Phone: 888-294-2183
Fax: 715-294-2199
**VIA FACSIMILE/U.S. MAIL**

Wisconsin Business Innovation Corp.
1400 South River Street
Spooner, WI 54801
Phone: 715-635-2197
Fax: 715-635-7262
**VIA FACSIMILE/U.S. MAIL**

**DISTRICT COUNSEL OF THE INTERNAL REVENUE SERVICE**
IRS District Counsel
650 Galtier Plaza
380 Jackson Street
St. Paul, MN 55101
Fax: 651-726-7360
**VIA FACSIMILE/U.S. MAIL**

**DISTRICT DIRECTOR OF THE INTERNAL REVENUE SERVICE**
Internal Revenue Service
Wells Fargo Place, #1222
30 E 7th St, Mail Stop 5700
St Paul MN 55101
Fax: (651) 312-7970
**VIA FACSIMILE/U.S. MAIL**

| | | |
|---|---|---|
| **INTERNAL REVENUE SERVICE CENTRALIZED INSOLVENCY OPERATION**<br>IRS Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346<br>Fax: 267-941-1015<br>**VIA FACSIMILE/U.S. MAIL**<br><br>**COLLECTION DIVISION OF THE MINNESOTA DEPARTMENT OF REVENUE**<br>MN Department of Revenue<br>Collection Enforcement<br>551 Bankruptcy Section | 600 North Robert Street<br>PO Box 64447<br>St Paul MN 55101<br>Fax: (651) 282-2817<br>**VIA FACSIMILE/U.S. MAIL**<br><br>**UNITED STATES ATTORNEY FOR THE DISTRICT OF MINNESOTA**<br>US Attorney<br>600 US Courthouse<br>300 S Fourth St<br>Minneapolis MN 55415<br>Fax: 612-664-5788<br>**VIA FACSIMILE/U.S. MAIL** | **REQUESTS FOR NOTICE/ NOTICE OF APPEARANCE**<br><br>1349579.1 |

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:

Ratech Machine, Inc.,

        Debtor.

Case No. 11-33053 (NCD)
Chapter 11

**ORDER GRANTING EXPEDITED RELIEF AND AUTHORIZING POST-PETITION FINANCING ON AN INTERIM BASIS**

This matter is before the court for preliminary hearing on the debtor's motion for post-petition financing, and for expedited relief. Based on the arguments of counsel, all of the files, records, and proceedings herein, and the court being fully advised in the premises,

IT IS ORDERED:

1. The debtor's request for expedited relief is GRANTED.

2. The debtor is authorized to borrow from the DIP Lender, consistent with the budget attached to the motion until the entry of an order following the final hearing on the motion, up to $198,000.00.

3. The lien granted by the Debtor shall be in the same first priority that the DIP Lender held on assets pre-petition (subordinate only to any properly perfected purchase money security interests), and shall be deemed properly perfected without further act or deed on the part of the debtor or the DIP Lender.

4. The debtor is hereby authorized, but not directed, to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate the relief as described and approved in this order.

1

5. Entry of this order is without prejudice to the rights of the debtor, including, but not limited to, the right to seek further, other, or different relief under the Bankruptcy Code.

6. This court shall retain jurisdiction to hear and determine all matters arising from the implementation of this order.

7. This order is effective immediately upon its entry.

Dated:

                                    Nancy C. Dreher
                                    United States Bankruptcy Judge

1350529.1